UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JACK T. IRWIN                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:17-CV-00321-CRS

DOUGLAS FOREE O'BRYAN, JR.                                                    DEFENDANT

**MEMORANDUM OPINION**

I. Introduction

The following motions are pending in this action: Plaintiff Jack T. Irwin's first motion to amend his complaint (ECF No. 10); Defendant Douglas Foree O'Bryan, Jr.'s motion for summary judgment (ECF No. 12); Defendant's motion to amend his answer (ECF No. 13); Plaintiff's motion for extension of time to filed a second amended complaint (ECF No. 22); and Plaintiff's cross-motion for summary judgment (ECF No. 28). For the reasons set forth below, the court will grant Defendant's motion for summary judgment and deny his motion to amend his answer as moot. The court will deny Plaintiff's motions.

II. Factual Background

This case arises from Plaintiff's attempt to collect a monetary judgment issued by the Jefferson Circuit Court in Louisville, Kentucky in 1995. Between 1989 and 1990, Plaintiff loaned Defendant money to pay outstanding debts on several pieces of farm equipment. ECF No. 28, p. 2. Defendant was unable to keep up with Plaintiff's repayment schedule, and ultimately sold Plaintiff the farm equipment to satisfy the loan. *Id.* Subsequently, Plaintiff began using the farm equipment for his contracting business and Defendant began to work for that business. *Id.*

1

at 3. Defendant eventually terminated his employment and took the farm equipment with him, claiming that he had only leased it to Plaintiff. *Id.*

As a result, in 1992 Plaintiff and his wife, Teri Irwin, filed suit against Defendant for conversion. ECF No. 28, p. 3. While the case was pending, Defendant sold the farm equipment to pay off existing loans and attorney's fees. *Id.* The case proceeded to trial and the jury found Defendant liable for fraud, breach of contract, and conversion, and awarded Plaintiff $650,367.00 in damages. *Id.* Plaintiff executed on this judgment on November 18, 1992. ECF No. 28-1. Defendant appealed the judgment of the Jefferson Circuit Court in December 1992. ECF No. 28, p. 3.

Defendant then moved to Georgia, where he has remained ever since. *Id.* In late 1992, Defendant filed for bankruptcy in Kentucky. *Id.* Plaintiff filed a complaint in the bankruptcy proceeding seeking a determination that the 1992 judgment was non-dischargeable. *Id.* at 4.

In March 1994, the Kentucky Courts of Appeals reversed a portion of the 1992 judgment against Defendant, reducing the monetary damages he owed from $650,367.21 to $521,950.00. *Id.* at 3. The Jefferson Circuit Court entered a second judgment in conformity with the Court of Appeals' decision on December 11, 1995. *Id.* at 4. Then, on December 28, 1995, the United States Bankruptcy Court for the Eastern District of Kentucky determined that Defendant's debt to Plaintiff was indeed non-dischargeable. *Id.* Defendant appealed this order unsuccessfully. *Id.*

On April 18, 2017—nearly twenty-two years later—Plaintiff filed suit against Defendant in Jefferson Circuit Court seeking a writ of *scire facias* to collect on the 1995 judgment. ECF No. 1-1. On May 25, 2017, Defendant removed the case to this court based on diversity of citizenship. ECF No. 1. The parties have since filed several motions, discussed below.

III. Discussion

A. Plaintiff's Motions to Amend the Complaint

i. Plaintiff's First Motion to Amend

Eleven months after this suit was filed, Plaintiff filed a motion to amend the complaint. ECF No. 10. Plaintiff seeks to correct his original "Complaint *Scire Facias*" to clarify his claim and include an explicit prayer for relief. *Id.* at 1. Plaintiff asserts that although *scire facias* has technically been abolished in Kentucky, the remedy provided by this common law writ—revival of a judgment—may still be obtained by original action pursuant to Kentucky Rule of Civil Procedure 81. *Id.* Plaintiff further clarifies that the relief he seeks is "rival of the Amended Judgment of the Jefferson Circuit Court issued [sic] on December 11, 1995." ECF No. 10-2, p. 2.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading more than 21 days after the original pleading is filed "only with the opposing party's written consent or the court's leave." However, "[t]he court should freely give leave when justice so requires." *Id.*

Plaintiff asserts that his motion to amend should be granted because it does not materially change the cause of action or prejudice the Defendant. ECF No. 10, p. 2. Defendant opposes the motion, arguing that the amendment would be futile because Plaintiff's amended complaint could not survive a Rule 12(b)(6) motion to dismiss. ECF No. 11, p. 6. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000). According to Defendant, Plaintiff's claim is barred by KRS 413.090(1), which states: "An action upon a judgment or decree of any court of this state or of the United States . . . shall be commenced within fifteen (15) years . . . from the date of the last execution thereon." *Id.* Defendant contends that because the prior judgment was last executed on in 1995, the statute of limitations expired in 2010. *Id.* Defendant rejects Plaintiff's argument that "*scire facias* was the remedy used to revive a judgment that had *lapsed*

3

*due to the running of the statute of limitations for judgments and judicial decrees*," maintaining that a judgment cannot be revived once the statute of limitations has expired. ECF No. 10, p. 1 (emphasis added).

Upon consideration of these arguments, the court agrees with Defendant. A writ of *scire facias* is an order requiring a "defendant to show cause why [a] dormant judgment should not be revived and its lien continued." 50 C.J.S. Judgments § 867. A dormant judgment is "one which has not been satisfied nor extinguished by lapse of time, but which has remained so long unexecuted that execution cannot now be issued upon it without first reviving the judgment." 46 Am. Jur. 2d Judgments § 364. At common law, judgments fell dormant after one year and one day. 1 The Law of Debtors and Creditors § 867. *See Duff v. Combs*, 47 Ky. 386 (Ky. 1848) ("Executions on decrees of Chancery cannot properly issue after the lapse of a year and a day, without *scire facias*."); *See also Edwards v. Coleman*, 9 Ky. 249 (Ky. 1820) (where the plaintiff caused a writ of *scire facias* to issue more than one year and one day after the court's entry of the judgment.). Although the writ of *scire facias* has been abolished in this state, Kentucky Rule of Civil Procedure 81 provides that "[r]elief heretofore available by the remed[y] of . . . scire facias . . . may be obtained by original action in the appropriate court."

However, Kentucky cases have clarified that *scire facias*, or the revival of a judgment, cannot occur beyond the time limit provided in the statute of limitations. In *Edwards v. Coleman*, 9 Ky. 249 (Ky. 1820), the Kentucky Court of Appeals upheld a writ of s*cire facias*. However, in that case, the statute of limitations on court judgments had been repealed, and a new statute had not yet been enacted. *Id.* at 250. The Court explicitly stated that if a statute of limitations were "now in force, [it] would certainly require the *scire facias* to issue" within the timeframe set by the statute. *Id.* at 250.

The Kentucky Court of Appeals reiterated this holding in *McArthur v. Goddin*, 75 Ky. 274 (Ky. 1876). In that case, an Ohio plaintiff sued a Kentucky defendant in an Ohio court and prevailed. *Id.* at 276. Eighteen years after the judgment was originally executed upon, the plaintiff revived the judgment in the same court. *Id.* The plaintiff then brought an original action in Campbell Circuit Court in Kentucky seeking to recover on the Ohio judgment. *Id.* The Court of Appeals held that the defendant could plead the Kentucky statute of limitations as a defense, even though the claim was based on an Ohio judgment. *Id.* at 279. Because the Kentucky statute of limitations on judgments was 15 years, the Court found for the defendant. *Id.* Importantly, the plaintiff's revival of the judgment 18 years after it was executed upon did not override the 15-year Kentucky statute of limitations. The Court reiterated that "[i]n this state, the lapse of fifteen years without execution will bar *any further proceedings on the judgment* . . ." *Id.* at 279 (citing *Lockhart v. Yeiser*, 65 Ky. 231(Ky. 1867)) (emphasis added).

Other states have also recognized that *scire facias* cannot be used to revive a judgment after the statute of limitations has expired. In *Rabbitt v. Mills*, 2005 WL 2012774 (Tenn. Ct. App. 2005), the Tennessee Court of Appeals reversed the trial court's grant of a writ of *scire facias*. The Court found that "[b]ecause [the plaintiffs] failed to revive their judgment within the ten-year statute of limitations, they [were] barred from enforcement of their judgment against [defendant]." *Id.* at *14-15. Likewise, in *McReynolds v. Vawter*, 600 S.W.2d 159 (Mo. Ct. App. 1980), the Missouri Court of Appeals upheld the lower court's quashing of a writ of *scire facias* based on the lapse of the 10-year statute of limitations.

KRS 413.090(1) explicitly limits actions seeking satisfaction of a judgment to 15 years after the date of last execution. The parties agree that the judgment at issue was last executed in 1995. Thus, the statute of limitations expired in 2010. Because a judgment cannot be revived

5

after the statute of limitations has expired, such an action could not survive a Rule 12(b)(6) motion to dismiss. Therefore, Plaintiff's first motion to amend the complaint will be denied as futile.

    ii. <u>Plaintiff's Second Motion to Amend</u>

Before this court ruled on Plaintiff's first motion to amend the complaint, Plaintiff filed a motion for an extension of time to file a second amended complaint. ECF No. 22. This motion was filed after the court's deadline for the amendment of pleadings and supplemental disclosures. In the second motion, Plaintiff seeks to add new evidence concerning two 2005 subpoenas deuces tecum issued to the Georgia Department of Revenue and the Georgia Department of Motor Vehicles in search of Defendant's assets. ECF No. 22, p. 4. According to Plaintiff, these subpoenas constitute executions on the 1995 judgment and toll the statute of limitations. *Id.* Plaintiff also seeks to add his wife, Jeri Irwin, as a necessary co-plaintiff. *Id.*

As outlined above, Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading after 21 days with the court's leave "when justice so requires." Because this motion was filed after the court's filing deadlines, Federal Rules of Civil Procedure 6 and 16 also apply. Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Similarly, under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

Plaintiff argues that he satisfies the standards of Rules 6, 15, and 16. Plaintiff contends that although he conducted a reasonable investigation, he was unable to obtain the information regarding the subpoenas deuces tecum until after the court's scheduling deadlines. ECF No. 22, p. 5. He claims he was unaware that his previous attorneys filed the subpoenas on his behalf. *Id.*

6

He also claims that the Jefferson County Court Clerk initially provided him with misinformation regarding the status of any execution records. *Id.* According to Plaintiff, "it was only through extraordinary efforts . . . that the new evidence was obtained." *Id.* Plaintiff asserts that "Defendant will suffer no prejudice whatsoever from granting the leave to amend." *Id.* at 6.

Defendant argues, by contrast, that Plaintiff was not diligent in his investigation. He states that Plaintiff's efforts "spanned, at most, all of fourteen days," and claims his entire investigation could have occurred well before the court's deadlines. ECF No. 25, p. 7. Defendant argues that he would be substantially prejudiced by Plaintiff's amended complaint, because he would be forced to defend against an entirely new theory of the case with a new co-plaintiff. *Id.* at 8. Finally, Defendant asserts that Plaintiff's amendment would be futile, as a subpoena duces tecum does not constitute an execution on a judgment that would toll the statute of limitations. *Id.* at 11.

After considering both parties' arguments, the court again agrees with Defendant. Even assuming *arguendo* that Plaintiff satisfies the requirements of Rules 6, 15, and 16, Plaintiff's second amended complaint cannot survive a Rule 12(b)(6) motion to dismiss. Under KRS 413.090(1), the 15-year statute of limitations on a judgment can be tolled by an "execution." In *Wade v. Poma Glass & Specialty Windows, Inc.*, 394 S.W.3d 886 (Ky. 2012), the Supreme Court of Kentucky clarified the meaning of the term "execution." The Court rejected the notion that the term refers only to writs of execution, holding that the word "should be defined broadly" as "an act of enforcing, carrying out, or putting into effect a judgment." *Id.* at 895. Based on this understanding, the court found that garnishments and judgment liens also constitute "executions" for purposes of tolling the statute of limitations. *Id.* at 895. *See also Berling Construction Co./Berling Dev. Enterprises v. Schlagel*, 2016 WL 3176801 (Ky. Ct. App. 2016) (holding that a

7

motion to compel the production of a supersedeas bond is an "execution" under KRS 413.090(1)).

However broadly the term "execution" is defined, though, it does not encompass subpoenas deuces tecum. A subpoena deuces tecum is merely a discovery mechanism. *See* 26B C.J.S. Depositions 96. Unlike other recognized execution methods, such as writs of execution, garnishments, and judgment liens, a subpoena deuces tecum does not give a plaintiff any claim to a defendant's assets or property. Although it may lead to "an act of enforcing, carrying out, or putting into effect a judgment," it is not an end in itself. For this reason, no Kentucky court has ever recognized a subpoena deuces tecum as an "execution" for purposes of tolling the statute of limitations on a judgment. Nor will this court do so here.

Because neither of the two 2005 subpoenas deuces tecum is an "execution" under KRS 413.090(1), the statute of limitations on the 1995 judgment was not tolled, and expired in 2010. Plaintiff's second amended complaint could not survive a Rule 12(b)(6) motion to dismiss. Accordingly, Plaintiff's motion for leave to file a second amended complaint will be denied as futile.

B. <u>Parties' Cross-Motions for Summary Judgment</u>

Both Plaintiff and Defendant move for summary judgment. Defendant argues that he is entitled to summary judgment because there has been no execution on the judgment at issue since 1995, and therefore the statute of limitations bars recovery. ECF No. 12. Plaintiff argues, by contrast, that the two 2005 subpoenas deuces tecum issued to the Georgia Department of Revenue and the Georgia Department of Motor Vehicles tolled the statute of limitations on the judgment. ECF No. 28.

The trial court shall grant summary judgment in a case "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of "demonstrating that [there is] no genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party satisfies this burden, the burden then shifts to the nonmoving party to "point to evidence demonstrating that there *is* a genuine issue of material fact for trial." *Id.* at 323 (emphasis added).

In considering a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). There must actually be "evidence on which the jury could reasonably find for the [nonmoving] party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Based on the analysis above, Defendant is entitled to judgment as a matter of law.[1] Subpoenas deuces tecum are not "executions" under KRS 413.090(1). Thus, the two 2005 subpoenas did not toll the statute of limitations. The judgment at issue was last executed on in 1995, and the statute of limitations expired in 2010. Moreover, once the statute of limitations on a judgment has expired, it cannot be revived. Accordingly, the court will grant Defendant's motion for summary judgment, and deny Plaintiff's.

---

[1] After filing the motion for summary judgment, Defendant filed a motion to amend his answer. ECF No. 13. This motion was unopposed by Plaintiff. Defendant's proposed amendment did not impact the court's analysis on the parties' cross-motions for summary judgment. Thus, this motion will be denied as moot.

IV.     Conclusion

For the foregoing reasons, Defendant's motion for summary judgment will be granted, and his motion to amend his answer will be denied as moot. Plaintiff's two motions to amend his complaint and cross-motion for summary judgment will be denied. An order will be entered in accordance with this memorandum.

August 17, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**